# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

ANGEL ALFONSO ARTEAGA FLORES

                    Petitioner,

v.                                                        CIVIL ACTION NO. 3:26-0088

CARL ALDRIDGE,
Superintendent, Western Regional Jail;
MICHAEL T. ROSE,
Acting Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELA JO BONDI,
United States Attorney General,
in their official capacities,

                    Respondents.

## ORDER

Pending before the Court is Petitioner Angel Alfonso Arteaga Flores' Verified Petition for Writ of Habeas Corpus. ECF No. 1. Also pending is a Motion to Dismiss filed by Federal Respondents ("the Government") Michael T. Rose, Acting Field Office Director, Philadelphia Field Office, United States Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Jo Bondi, United States Attorney General. ECF No. 19. Carl Aldridge, Superintendent of Western Regional

Jail, is also a respondent.[1] The Court has considered the briefing and held a Show Cause Hearing today, February 12, 2026.

The Government admittedly presents the same arguments previously rejected by this Court, uniformly rejected by Courts within this District, and rejected by the majority of others nationwide.[2] The Court finds Petitioner is entitled to relief of immediate release. The Court wastes no time in restoring the wrongly deprived physical liberty interests of the petitioner. The Court rejects the propriety of alternative relief, such as ordering a bond hearing.[3] Given ICE's failure to comply with Court orders and the Board of Immigration Appeals decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), the appropriate relief follows.[4]

In accordance with the ruling on the record and for the reasons contained in the forthcoming

---

[1] Mr. Aldridge responds separately that he "should be treated as nothing more than a nominal respondent" and "defers to the Federal Respondents' position." *Carl Aldridge Resp* 2, ECF No.12.

[2] *See, e.g. Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-cv-0055, 2026 WL 313476, at *5 (S.D. W. Va. Feb. 5, 2026); *Briceno Solano v. Mason*, CIV. A. No. 2:26-cv-00045, 2026 WL 311624, at *15 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.); *Gutierrez Aroca v. Mason*, CIV. A. No. 2:26-cv-00057, 2026 WL 357872, at *17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.); *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[3] Ordering a bond hearing would be futile given the BIA's affirmation that Immigration Judges do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under [the Government's interpretation of] Section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Hurtado*, 29 I. & N. Dec. at 220.

[4] The language in the Court's orders granting relief in recent immigration habeas corpus petitions has evolved from containing a provision prohibiting Respondents from "re-arresting and detaining Petitioner absent a determination by a neutral and detached decisionmaker or change in circumstance justifying such detention" to more broadly prohibiting Respondents from "re-arresting and detaining Petitioners pending further order of this Court." The Court has found the argument of this same counsel in a different case, which highlights Judge Johnston's practice, persuasive. *Briceno Solano*, 2026 WL 311624, at *20. While the Government argues the alteration is too broad, Petitioner is a resident of this District, and the Court finds the language appropriate given the Respondent's record of a lack of compliance with Court orders and common practice of unlawfully detaining undocumented citizens. *Id.*

Memorandum Opinion and Order, the Government's Motion to Dismiss (ECF No. 19) is **DENIED**, and the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondents are **ORDERED** to release Petitioner from civil immigration custody immediately. The Court further **ORDERS** Respondents to facilitate the prompt return of any of Petitioner's seized property, including legal documents. Respondents are **PROHIBITED** from re-arresting and detaining Petitioner pending further order of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 12, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE