IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANGEL ALFONSO ARTEAGA FLORES

Petitioner,

v.                                                                CIVIL ACTION NO. 3:26-0088

CARL ALDRIDGE,
Superintendent, Western Regional Jail;
MICHAEL T. ROSE,
Acting Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELA JO BONDI,
United States Attorney General,
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Angel Alfonso Arteaga Flores' Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, and a Motion to Dismiss filed by Federal Respondents Michael T. Rose, Todd M. Lyons, Kristi Noem, and Pamela Jo Bondi. ECF No. 19. Carl Aldridge, Superintendent of Western Regional Jail, is also a respondent.[1]

For the reasons set forth below, in accordance with the Order entered on February 12, 2026, ECF No. 23, the Petition was **GRANTED** and Respondents' Motion to Dismiss was **DENIED**.

---

[1] Mr. Aldridge responds separately that he "should be treated as nothing more than a nominal respondent" and "defers to the Federal Respondents' position." *Carl Aldridge Resp.* 2, ECF No.12.

The Court proceeds with an explanation of potential distinctions in Petitioner's circumstances compared to those in prior cases that addressed and rejected the Government's identical legal arguments.

The review of this Petition was expedited given that Petitioner's wife, a United States citizen, is soon due to give birth to their child. *Mot. for Immediate O.S.C. and Immediate Order Preventing Removal or Transfer of Pet'r Pending Disposition of Pet.* 1, ECF No. 5. The Petition was filed February 2, 2026, the Government's combined Response and Motion to Dismiss was filed February 11, 2026, the Reply filed by Petitioner on February 12, 2026, and argument was heard on February 12, 2026. At the hearing, the Court found Petitioner entitled to relief.

According to the Department of Homeland Security documentation, Petitioner was apprehended by Border Patrol Agents in 2023 and found to be in violation of "section 212(a)(6)(A)(i) of the Immigration and Nationality Act" which renders an individual inadmissible if they are in the country without admission or parole. *Form I-213*, at 2, Gov't's Ex. A, ECF No. 19-1. He was provided a Notice to Appear ("NTA") indicating a hearing date of December 23, 2027, and released into the United States in September of 2023. *Id*; *Resp.* 4 (citing *NTA* 1, Gov't's Ex. B, ECF No. 19-2). Years later, on January 16, 2026, according to the Government, officers encountered Petitioner at Western Regional Jail in Barboursville, West Virginia, and issued an Immigration Detainer, resulting in Respondents ultimately receiving transferred custody of Petitioner on January 23, 2026.[2] *Form I-213*, at 2. Petitioner has been detained since that time. He was arrested in Barboursville, West Virginia, clearly the interior of the United States. A unique circumstance in Petitioner's case is that he was in state custody at Western Regional Jail because

---

[2] Respondents note that the documentation indicates October instead of January in error. *Resp.* 4 n.3, ECF No. 19.

the Sheriff's Office charged, but subsequently dropped, criminal violations. *Id.* The reason for the abandonment of charges is outside of the purview of this Petition. The Government continues to contend authority for detention of Petitioner is 8 U.S.C. § 1225(b)(2)(A). The Government confirmed they are not arguing that the Petitioner's detention is pursuant to 8 U.S.C. § 1226(c). The Government has not argued Petitioner is a danger to the community or flight risk. Petitioner resides in Barboursville, and his wife is due to give birth in the coming days. Ultimately, the Government conceded that the argument is identical to those previously addressed by this Court.

Consistent with the previously entered Order, with the same analysis previously undertaken, and for the reasons stated at the hearing on February 12, 2026, the Court finds: it has jurisdiction, Petitioner's detention is governed by 8 U.S.C. § 1226(a) not 8 U.S.C. § 1225(b)(2), and Petitioner's due process rights have been violated.[3] The appropriate relief is Petitioner's

---

[3] The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here. *Resp*. 2 (citing *Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026)); *Shailookul Uulu v. Aldridge*, CIV. A. No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, CIV. A. No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, CIV. A. No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, CIV. A. No. 2:26-cv-00057, 2026 WL 357872, at *17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Having once detained and released Petitioners under § 1226(a), the Government cannot now retroactively recast them as arriving 'alien[s] seeking admission.'"); *Umarov v. Mason*, CIV. A. No. 2:27-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

-4-

release, return of Petitioner's property, and a prohibition on Respondents re-arresting and detaining Petitioner pending further other of this Court, as previously has been ordered. *See* ECF No. 23

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

release, return of Petitioner's property, and a prohibition on Respondents re-arresting and detaining Petitioner pending further other of this Court, as previously has been ordered. *See* ECF No. 23

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE